UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. FRANKL, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Respondent. | No. 2:14-cv-02766-KJM-EFB<br><br><br>ORDER AMENDING ORDER FILED<br><br>FEBRUARY 10, 2015 |

This matter is before the court on the motion to amend by petitioner Joseph F. Frankl, Regional Director of Region 20 of the National Labor Relations Board ("NLRB" or "Board"). (ECF No. 29.) Petitioner seeks to amend this court's February 10, 2015 order. (*Id.*) Respondent Adams & Associates, Inc. ("Adams" or "respondent") opposes the motion. (ECF No. 31.) The court found the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 230(g). As explained below, the court GRANTS the motion.

I.      BACKGROUND

On November 25, 2014, petitioner moved for an injunction under section 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j), contending respondent had engaged in unfair labor practices in violation of the NLRA. (ECF No. 1.) After thorough

briefing and oral argument, the court granted petitioner's motion on February 10, 2015.  (ECF No. 27.)  In granting petitioner's motion for injunctive relief, the court ordered respondent to offer Genesther Taylor reinstatement to her job position and to permit her access to the Sacramento Job Corps Center for the purpose of representing union members in union-related matters.   (*Id.* at 15–16.)

Petitioner now moves to amend that order to include the following: "that pending the final disposition of the matters involved now pending before the Board, [r]espondent is ordered to cease and desist from . . ."

   a) Refusing to hire Genesther Taylor or other bargaining unit employees of predecessor employer Horizons because of their union support or affiliation;

   b) Refusing to permit Genesther Taylor or other Union representatives access to the Center for the purpose of collective bargaining; [and]

   c) In any like or related manner interfering with, restraining or coercing employees in the exercise of their Section 7 rights.

(ECF No. 29 at 2.)

Respondent opposes the motion, arguing there is "no reasonable justification for [petitioner's] unnecessary and punitive request."  (ECF No. 31 at 1.)

II.        LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) provides: "The court may correct . . .  a mistake arising from oversight or omission whenever one is found in a[n] . . . order . . . .  The court may do so on motion or on its own, with or without notice."  This court "may properly invoke Rule 60(a) to make a[n] [order] reflect the actual intentions and necessary implications of the court's decision."  *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990).  In ruling on such a motion, district courts are afforded "wide latitude," and the rulings are reviewed under the "abuse of discretion" standard.  *Id.*

III.       DISCUSSION

As noted above, petitioner asks this court to amend its February 10, 2015 order to "include cease and desist provisions that would restrain [r]espondent from: 1) refusing to hire

2

1    Genesther Taylor or other bargaining unit employees of predecessor employer Horizons because

2    of their union support or affiliation; 2) refusing to permit Genesther Taylor or other Union

3    representatives access to the Center for the purpose of collective bargaining; and 3) in any like or

4    related manner interfering with, restraining or coercing employees in the exercise of their Section

5    7 rights." (ECF No. 29-1 at 3.)  Petitioner reasons the "omission of these cease and desist

6    provisions is clear error," because the Board's remedy for the violations at issue "includes both an

7    affirmative provision that employees be reinstated to their former positions, as well as a cease and

8    desist provision restraining the employer from refusing to hire employees of its predecessor."  (*Id.*

9    at 4.)

10           The court finds amending its February 10, 2015 order is warranted.  In holding so,

11   the court does not engage in any fact-finding regarding respondent's compliance with the court's

12   February 10, 2015 order.  Rather, the court makes a limited amendment to its prior order to reflect

13   its original intention.  The cease and desist provisions that petitioner now seeks to add to the

14   court's order were included in both the original petition for injunction (ECF No. 1 at 8–9) and the

15   proposed temporary injunction order (ECF No. 1-4 at 2).  The court should have included those

16   provisions in its order because they are designed to effectuate the purposes and policies of the

17   NLRA.  *See Frankl v. HTH Corp.*, 825 F. Supp. 2d 1010, 1050 (D. Haw. 2011), *aff'd sub nom.*

18   *Frankl ex rel. N.L.R.B. v. HTH Corp.*, 693 F.3d 1051 (9th Cir. 2012); *New Breed Leasing Corp.*,

19   317 NLRB 1011, 1026–27 (1995).  Therefore, the court AMENDS the directive portion of its

20   February 10, 2015 order (ECF No. 27) to read as follows:

21           The court HEREBY ORDERS respondent, its officers, representatives,

22   supervisors, agents, servants, employees, attorneys, and all persons acting on its behalf or in

23   participation with it to take the following steps pending the final disposition of the matter:

24           a.  Offer Genesther Taylor immediate instatement to the job position which she

25               previously held with her predecessor employer Horizons, or to a substantially

26               equivalent position if her position no longer exists, without prejudice to

27               Taylor's rights and privileges, displacing, if necessary, any newly hired outside

28               applicants;

3

b. Permit Genesther Taylor access to the Sacramento Job Corps Center for the purpose of representing union members in grievance proceedings and other union-related matters (such as collective-bargaining sessions) that occur there;

c. Within fourteen (14) days of the date of this Order, post copies of the District Court's Order at the Sacramento Job Corps Center located in Sacramento, California, in all places where notices to its employees are normally posted; maintain these postings during the Board's administrative proceeding free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its facilities to monitor compliance with this posting requirement; and

d. Within twenty-one (21) days of the issuance of this order, file with the court and serve upon the Regional Director of Region 20 of the Board, a sworn affidavit from a responsible official describing with specificity the manner in which respondent has complied with the terms of the Order, including the locations of the posted documents.

The court ADDITIONALLY ORDERS that no later than seven (7) days after the ALJ issues the final recommendation, the parties shall file a Joint Status Report with the court briefly setting forth the decision of the ALJ and the schedule for further proceedings before the Board.

The court FURTHER ORDERS respondent, its officers, representatives, supervisors, agents, servants, employees, attorneys and all persons acting on its behalf or in participation with it, to cease and desist from the following acts and conduct, pending the final disposition of this matter now pending before the board:

a. Refusing to hire Genesther Taylor or other bargaining unit employees of predecessor employer Horizons because of their union support or affiliation;

b. Refusing to permit Genesther Taylor or other Union representatives access to the Sacramento Job Corps Center for the purpose of collective bargaining;

4

1         c.  In any like or related manner interfering with, restraining or coercing

2           employees in the exercise of their Section 7 rights.

3       The court's February 10, 2015 order shall remain in full effect in all other respects.

4       IT IS SO ORDERED

5   DATED:  March 18, 2015.

6

7   _____
       UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28